UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JEFFREY HIGDON AND LASHANDA HIGDON,<br><br>   PLAINTIFFS,<br><br>vs.<br><br>TOWN OF LAKEVILLE ET AL.,<br><br>   DEFENDANTS. | CAUSE NO. 3:15-CV-234-RLM-CAN |

## OPINION and ORDER

Defendants Town of Lakeville, Patrick Howard, and Ron[1] Jaronik filed a motion to dismiss Count IX of plaintiffs Jeffrey and Lashanda Higdon's complaint. (Doc. No. 9). The Higdons (a father and daughter) allege that Lakeville police officers confronted them on their property, and subjected them to excessive force and wrongfully arrest. Their complaint brings nine causes of action under various federal theories, including violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and several state law tort claims. The only portion of the complaint at issue here is Count IX, which seeks general and special damages based on Lakeville police officers' violation of the Higdons' rights "under the Constitution of the State of Indiana, Article 1, §§ 11, 15-17." (Compl., ¶ 89-90).

---

[1] Defendants state in their answer to the complaint that this name is not correct, and that the Assistant Chief of Police is actually *Rick* Jaronik.

The defendants move under Federal Rule of Civil Procedure 12(b)(6) to dismiss this count for failure to state a claim. To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). A complaint may survive a motion to dismiss under Rule 12(b)(6) if it contains sufficient factual allegations to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the…claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (ellipsis in original).

The defendants argue that even if the Higdons can show that the officers' conduct violated the Indiana Constitution, Count IX must be dismissed because such a violation does not give rise to a private right of action for money damages. For the reasons below, the court agrees with the defendants and dismisses Count IX with prejudice.

The Higdons argue that in the most recent case to touch on the issue, the Indiana Supreme Court expressly declined to foreclose a private right of action for money damages based on the Indiana Constitution. In Cantrell v. Morris. 849 N.E.2d 488 (Ind. 2006), the supreme court addressed a question certified to it by the Northern District of Indiana: whether Article I, § 9 of the Indiana Constitution gives rise to a claim for damages. The court began by recognizing that the state of Indiana "has no statutory provision comparable to 42 U.S.C. section 1983 creating an explicit civil remedy for constitutional violations" and noted that "[t]here is no explicit language in the Indiana Constitution providing any specific remedy for violations of constitutional rights." Cantrell v. Morris, 849 N.E.2d at 493, 499. Declining to adopt any broad position regarding private rights of action under the state constitution generally, the court issued the narrower holding that "a terminated employee has no private right of action for damages that arises under [§ 9 of the Indiana Constitution]." Id. at 507.

The Higdons argue that the Cantrell court expressly declined to hold that a cause of action could never be found in Article I, § 9 of the Indiana Constitution, and did not consider the other sections relevant to this case at all. The Indiana Supreme Court's silence on the matter is not the last word; the Indiana Court of Appeals has interpreted the reasoning of Cantrell to foreclose a cause of action under any section of Article I of the Indiana Constitution. In Smith v. Indiana Dep't of Correction, the Indiana Court of Appeals considered §§ 11, 15, and 16 (three of the four sections at issue in this case) and explicitly held that "there is

no express or implied right of action for monetary damages under the Indiana Constitution." 871 N.E.2d 975, 986 (Ind. Ct. App. 2007). As the defendants point out, Indiana courts have consistently reaffirmed this holding. *See* Hoagland vs. Franklin Township Community School Corp., 10 N.E.3d 1034, 1040 (Ind. Ct. App. 2014) (holding that "there is no express or implied right of action for monetary damages under the Indiana Constitution"); McIntire vs. Franklin Township Community School Corp., 15 N.E.3d 131, 136 (Ind. Ct. App. 2014) (noting that "there can be no claim for monetary damages arising out of the Indiana Constitution"); City of Indianapolis vs. Cox, 20 N.E. 3d 201, 212 (Ind. Ct. App. 2014).

Our court of appeals has arrived at the same conclusion when interpreting Indiana law – at least since Cantrell was decided. *See* Ball v. City of Indianapolis, 760 F.3d 636, 645 (7th Cir. 2014) (affirming district court's dismissal of state tort claims, because "[t]o the extent these claims are founded on the Indiana constitution, Indiana has yet to recognize a civil remedy for such violations."); Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 638 n. 9 (7th Cir. 2007) (holding that plaintiffs do not have "a present, viable right of action" for violations of the Indiana Constitution in light of state court precedent). District courts have also consistently dismissed claims for damages based on violations of the Indiana Constitution. *See, e.g.*, Spake v. City of Elkhart, No. 3:13-CV-722 JD, 2015 WL 893209, at *5 (N.D. Ind. Mar. 3, 2015) (citing Cantrell for the proposition that there is no private right of action for damages under Indiana's Constitution);

Williams v. Sch. Town of Munster, No. 2:12-CV-225-APR, 2014 WL 1794565, at *8 (N.D. Ind. May 6, 2014) (granting summary judgment for defendants on a § 11 claim because "the Indiana Constitution does not provide an implied right to sue for damages under this section."); Hetherington v. Dep't of Child Servs., No. 2:11-CV-62 RLM, 2012 WL 523712, at *5 (N.D. Ind. Feb. 14, 2012) ("To the extent [the plaintiff] is trying to claim some violation of the Indiana Constitution, no private cause of action for damages for constitutional violations exists in Indiana."); Eckhart v. Bourrell, No. 2:10-CV-332-PRC, 2011 WL 38993, at *3 (N.D. Ind. Jan. 4, 2011) (holding that "there is no private action for damages for constitutional violations in Indiana").

The Higdons argue that Article 1, § 12 of the Indiana Constitution itself creates a right of action. Section 12 reads:

> All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay.

Ind. Const. art. I, § 12. The Indiana and federal courts to consider the issue have rejected that argument. *See* Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 638 (7th Cir. 2007) ("We are aware of no precedent from Indiana in which [§ 12] was held to *mandate* a damages remedy") (emphasis in original); Smith v. Indiana Dep't of Correction, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007) ("With respect to Article 1 Section 12 of the Indiana Constitution, the Indiana Supreme Court has never held that the Open Courts Clause provides a substantive 'right' of access

to the courts or to bring a particular cause of action to remedy an asserted wrong.")(quoting Blanck v. Ind. Dep't of Corr., 829 N.E.2d 505, 511 (Ind. 2005)).

Overwhelming precedent from our federal courts, the Indiana appellate courts, and our sister district courts compels the conclusion that Count IX of the Higdons' complaint must be dismissed because it seeks damages for violations of the Indiana Constitution despite no cause of action for damages being available for such violations under Indiana law.

CONCLUSION

Count IX of the complaint doesn't state a claim upon which relief may be granted. Accordingly, the court GRANTS defendants' motion to dismiss (Doc. No. 9) and ORDERS that Count IX be DISMISSED with prejudice.

SO ORDERED.

ENTERED: September 14, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court